Filed 4/28/16  P. v. Jimenez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EDGAR GERALDO JIMENEZ,<br><br>        Defendant and Appellant. | B262821<br><br>(Los Angeles County<br>Super. Ct. No. KA107709) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tia G. Fisher, Judge.  Affirmed as modified.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, and Andrew S. Pruitt, Deputy Attorney General, for Plaintiff and Respondent.

————————————

On August 3, 2014, the West Covina police stopped Edgar Geraldo Jimenez (Jimenez) for a traffic violation and searched his vehicle. They found 30.02 grams of methamphetamine, 49 empty baggies, a digital pocket scale, and $573 in cash. The People filed a complaint charging Jimenez with transportation of a controlled substance and possession for sale of a controlled substance; the complaint also alleged that he had two prior felony convictions. After Jimenez pleaded no contest to both counts and admitted the prior strike allegations, the trial court sentenced him to a four-year term on count 2 and a two-year term on count 1, with the terms to run concurrently.

On appeal, Jimenez alleges that the trial court erred in denying his *Romero*[1] motion and also alleges that the trial court erred in failing to stay one of the concurrent sentences pursuant to Penal Code section 654.[2] We conclude that the trial court did not abuse its discretion in denying the *Romero* motion; however, we modify the judgment to impose a four-year term on count 1 and to stay execution of sentence on count 2 pursuant to section 654.

## BACKGROUND

### I.     Facts of the case

Before the incident in this case, Jimenez had two convictions. In case No. BA212322, his April 20, 2001 conviction involved an act of domestic violence committed by using a deadly weapon in violation of section 245, subdivision (a)(1). While on probation for that crime, he committed extortion for the benefit of a criminal gang in violation of sections 524 and 186.22, subdivision (b)(1)(A), which led to a conviction on August 18, 2005 in case No. BA277724. For the second crime, Jimenez received and served a four-year prison sentence.

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

[2] All further statutory references are to the Penal Code unless otherwise indicated.

On August 3, 2014, the West Covina police stopped Jimenez for a traffic violation and subsequently searched his vehicle. They found 30.02 grams of methamphetamine and 49 empty baggies hidden inside the interior headliner upholstery of the vehicle, a digital pocket scale in the panel on the driver's side door, and $573 cash in multiple denominations on Jimenez's person. In a November 3, 2014 probation report, the probation department concluded that the August 3, 2014 offense "suggests sophistication and extensive planning" and a "large scale operation."

## II.     Procedural history

On September 30, 2014, the People filed a complaint charging Jimenez with the transportation of a controlled substance, methamphetamine, a felony in violation of Health and Safety Code section 11379, subdivision (a) (count 1). Count 2 of the complaint alleged possession for sale of a controlled substance, methamphetamine, a felony in violation of Health and Safety Code section 11378. The complaint also alleged that Jimenez has two prior serious or violent felony convictions: the April 20, 2001 conviction in case No. BA212322 and the August 18, 2005 conviction in case No. BA277724.

On December 30, 2014, Jimenez waived his right to a preliminary hearing and pleaded no contest to both counts; he also admitted the truth of the allegations regarding his two prior convictions. The trial court deemed the September 30, 2014 complaint filed as an information; the People filed no other information. The court also heard and denied Jimenez's motion to strike his two prior convictions based on section 1385 (*Romero* motion).

The next day, the trial court called the case for sentencing. The trial court selected count 2 as the base term and imposed the middle term of two years and doubled the term to four years in light of Jimenez's two prior convictions pursuant to California's "Three Strikes" law. On count 1, the trial court imposed the low term of two years to run concurrently with the sentence imposed on count 1.

## DISCUSSION

## I.     The trial court did not abuse its discretion in denying Jimenez's *Romero*

3

**motion.**

On December 17, 2014, Jimenez filed a *Romero* motion seeking to dismiss his two prior strike convictions. He attached a letter from the Glendale Rehabilitation Treatment Center stating that he had been enrolled in a drug treatment program since October 10, 2013 and a character reference letter from his employer supporting him and promising him continued employment as the company's head designer.

Before ruling on the *Romero* motion, the trial court specified on the record that she had considered the drug treatment letter and character reference letter supplied by Jimenez. The trial court also specified that she had considered both the 2006 probation report terminating probation on the first conviction in light of his second conviction and the November 3, 2014 probation report prepared for the current offense.

The trial court denied the *Romero* motion with this explanation: "And the record I had, in large part, speaks for itself; the nature of the priors, the fact that the defendant was on probation on the 2001 domestic violence strike when he picked up the 2005 extortion with a gang allegation, and was sentenced to state prison for four years, admitted the strike in 2001, and the violence involved, as set forth, based on the charges that the defendant admitted, as well as the time line. And the current offen[s]e the court evaluated, as well, being transportation for sale and possession for sale of methamphetamine, and I have read the report. And it is in consideration of the entire record, and the court reviewed the C.I.I. on the record, as well, the court is of the opinion that this is not a case where the interest of justice within 1385 applies, in considering all of the criteria, including defense counsel's motion."

On appeal, Jimenez alleges that the trial court focused too much on his criminal record rather than considering the totality of the circumstances. He asserts that his two prior strikes occurred too long ago to carry much weight and that the trial court should have focused on his future prospects: his employment and endorsement by his current employer, his enrollment in the drug treatment program, and that his current offense is not violent or serious.

4

California's Three Strikes law increases the prison terms of repeat felons and restricts a trial court's discretion in sentencing repeat offenders. (*Romero*, *supra*, 13 Cal.4th at pp. 504, 528.) In the furtherance of justice, however, a trial court may strike a prior felony conviction allegation. (*Id.* at pp. 530–531.) The trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) Striking a prior felony conviction is appropriate in limited circumstances. (*Romero*, at p. 530.) We review a trial court's decision to deny a defendant's *Romero* motion for an abuse of discretion. (*Ibid.*) To gain reversal under *Romero*, *supra*, 13 Cal.4th 497, the burden is on the defendant to ""clearly show that the [trial court's] sentencing decision was irrational or arbitrary."" (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) It is not enough to show reasonable people might disagree about whether to strike a prior conviction. (*Id.* at p. 377.) Nor is it enough to show that the trial court did not explicitly articulate all of the relevant factors when discussing a defendant's request to strike a prior conviction. "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

On this record, we have no doubt that the trial court's decision fell within the spirit of the Three Strikes law to protect society from recidivists who commit serious or violent felonies. Jimenez's prior strikes of domestic violence committed by using a deadly weapon and extortion for the benefit of a criminal gang are indisputably violent in nature. While Jimenez alleges that those crimes occurred many years ago, the nature of those offenses are significant and he violated the first strike's probation when he committed the second strike; this sequence suggests a disregard for the law and any leniency toward him by a court. And despite having served a substantial prison sentence, he returned to crime by committing the current offense, demonstrating an inability to rehabilitate. His current

5

offense does not indicate a one-time occurrence but the beginning of a large-scale criminal operation and a continued future reliant on crime. As the record manifests that the judge reviewed the drug treatment letter and character reference letter that Jimenez focuses on in this appeal, there is no indication that the trial court failed to consider his future prospects. He entered the drug treatment program only after he had been arrested for the current offense; the sole letter from his employer is not sufficient evidentiary support demonstrating a likelihood that he would lead a law-abiding life should the court agree to strike his prior convictions. The record reflects the trial court made an appropriate and individualized sentencing decision, taking into consideration both his criminal history and future prospects as well as society's interest in protecting itself from certain felons. Jimenez failed to demonstrate that the trial court abused its discretion in refusing to dismiss his prior convictions.

## II.     We modify Jimenez's sentence pursuant to section 654.

Jimenez alleges that the trial court erred in imposing concurrent sentences on counts 1 and 2 rather than staying one of the sentences; the People agree. The remaining dispute between the parties is that Jimenez requests that we remand for the trial court to conduct resentencing while the People counter that this court may modify the judgment to correct the trial court's error. As section 654 requires the trial court to impose the sentence on the count that provides for the longest potential term of imprisonment, the People allege that count 1 provides for a longer potential term of imprisonment than count 2 and therefore the only lawful outcome is to impose the sentence on count 1 and stay the execution of the sentence on count 2. The People assert that the only lawful sentence to execute is the low term on count 1, doubled to a four-year term pursuant to section 654. Jimenez's reply brief fails to provide any rebuttal to the People's argument. Thus, we adopt the People's rationale.

### DISPOSITION

The trial court is directed to stay the sentence on count 2, pursuant to Penal Code section 654. The judgment is modified to impose the two-year term on count 1, doubled to four years pursuant to the Three Strikes law. The trial court is also directed to prepare

6

an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


LUI, J.